IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-04-446-2 |
| | § | CIVIL ACTION NO. H-12-2411 |
| FERNANDO GARCIA-LOZANO, | § | |
| | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Magistrate Judge upon referral from the District Judge is Movant Fernando Garcia-Lozano's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 350).[1] After reviewing Movant's § 2255 Motion, the United States' Motion to Dismiss Movant's § 2255 Motion as a Second or Successive § 2255 Motion and alternatively, a Motion for Summary Judgment pursuant to a Plea Agreement Waiver (Document Nos. 353, 354), the record of the proceedings before the District Court in the underlying criminal case and on appeal, the earlier post conviction proceeding, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss (Document No. 353) be GRANTED, and Movant Fernando Garcia-Lozano's § 2255 Motion (Document No. 350) be

---

[1] Fernando Garcia-Lozano's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-12-2411 and at Document No. 350 in Criminal Action No. H-04-446. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

DISMISSED WITHOUT PREJUDICE.

I. **Procedural History**

Movant, Fernando Garcia-Lozano ("Garcia-Lozano), who is currently in the custody of the United States Bureau of Prisons, has previously sought federal habeas corpus relief under 28 U.S.C. § 2255. This is Garcia-Lozano's second attempt at § 2255 relief.

On November 22, 2004, Garcia-Lozano along with Jose Roberto Laverde-Gutierrez, Carlos Alberto Becerra, and Jose Walter Lopez-Solano were charged by Superceding Indictment with drug trafficking activities. (Document No. 65). In particular, Garcia-Lozano was charged with conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1S), and aiding and abetting the possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (Count 2S). On May 6, 2005, Garcia-Lozano pleaded guilty, pursuant to a written Plea Agreement, to conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846. (Document No. 111, Transcript of Rearraignment Hearing, Document No. 123). Under the written Rule 11(e)(1)(A) and (B) Plea Agreement (Document No. 112), Garcia-Lozano waived his right to appeal and to collaterally attack his conviction or sentence, and he agreed to cooperate with the Government as the written plea agreement provided for a potential sentencing departure under Section 5K1.1 of the Sentencing Guidelines if the Government concluded that Garcia-Lozano had provided substantial assistance. The Government, in exchange for Garcia-Lozano's plea, agreed not to oppose a three point reduction under the sentencing guidelines for acceptance of responsibility, to recommend a sentence at the low end of the advisory guideline sentencing range, and to dismiss the remaining count against Garcia-Lozano

at sentencing. Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared, to which Garcia-Lozano filed written objections. (Document Nos. 133, 147).

Garcia-Lozano was sentenced on October 21, 2005, to term of imprisonment of 324 months, to be followed by a five year term of supervised release. Also, the Court imposed a special assessment of $100. (Document No. 159, Transcript of October 21, 2005, Sentencing Hearing, Document No. 193). Judgment was entered on October 25, 2005. (Document No. 164). Garcia-Lozano appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit, unpersuaded by Garcia-Lozano's arguments, affirmed his conviction on October 24, 2006. (Document Nos. 247, 248). Garcia-Lozano did not file a petition for writ of certiorari with the United States Supreme Court.

On April 6, 2007, Garcia-Lozano filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 258), and Memorandum in Support (Document No. 259). In that motion, Garcia-Lozano argued that the waiver of his right to bring a § 2255 motion was not knowing and voluntary. He also raised claims of ineffective assistance of counsel. Garcia-Lozano claimed his counsel rendered erroneous advice about the calculation of his advisory guideline sentence. According to Garcia-Lozano, he had been assured he would not be responsible for any firearms and he would not be considered a leader. Judge Harmon, on April 16, 2007, summarily dismissed Garcia-Lozano's § 2255 motion, and dismissed the action. (Document No. 262). Garcia-Lozano appealed the denial to the Fifth Circuit Court of Appeals. On September 24, 2007, the Fifth Circuit affirmed the denial of Garcia-Lozano's § 2255 motion. (Document No. 274).

Nearly five years later, on August 9, 2012, Garcia-Lozano filed this, his second § 2255 Motion. (Document No. 350). Garcia-Lozano raises a claim of ineffective assistance of counsel.

3

According to Garcia-Lozano, trial counsel's performance during the plea bargain process fell short of the standard recently announced by the United States Supreme Court in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012).[2]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. § 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Pursuant to 28 U.S.C. § 2244(3)(A), Garcia-Lozano must first obtain authorization from the Fifth Circuit before this Court has jurisdiction to entertain Garcia-Lozano's successive § 2255 motion. *See United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v.*

---

[2] Even assuming that the instant § 2255 motion was not successive, Garcia-Lozano would not be entitled to relief on ineffective assistance claim based on the retroactivity of *Lafler v. Cooper* and *Missouri v. Frye* in this Circuit. The Fifth Circuit Court of Appeals in *In Re: Richard M. King, Jr.*, ___F.3d. ___, 2012 Wl 4498500, No. 12-40772 (August 14, 2012), in the context of a successive § 2254 application, wrote: "we agree with the Eleventh Circuit's determination in *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012), that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."

*Rich,* 141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999). Garcia-Lozano filed his second federal habeas motion without first obtaining Fifth Circuit authorization to do so. As a result, until Garcia-Lozano obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks jurisdiction over the instant action and it should therefore be dismissed without prejudice.

## II.   Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that the United States' Motion to Dismiss (Document No. 353) be GRANTED and Movant Fernando Garcia-Lozano's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 350) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Ware v. King,* 694 F.2d 89 (5th Cir. 1982), *cert. denied,* 461 U.S. 930 (1983); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).

Signed at Houston, Texas, this 30th day of October, 2012.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE